UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FUENTES, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUMANITY FOR HORSES, et al.<br><br>　　　　　Defendants. | No.  2:21-cv-02350-JAM-AC<br><br>**ORDER GRANTING MOTION TO DISMISS EIGHTH CAUSE OF ACTION; ORDER DENYING SUPPLEMENTAL JURISDICTION** |

　　　Jerry Fuentes ("Plaintiff") filed this lawsuit in the Superior Court of the State of California, County of Siskiyou against Humanity for Horses ("HFH"), Claudio Rubio ("Rubio"), and various fictious persons (collectively "Defendants"), alleging a host of civil rights and wage and hour violations relating to Plaintiff's employment at HFH.  Exh. A to Notice of Removal ("Removal"), ECF No. 1.  Only one claim, the Eighth Cause of Action, involves federal law.  Id. ¶ 135.  After removing this action to federal court, Defendants now seek the dismissal of Plaintiff's entire action and/or an order striking portions of Plaintiff's complaint.  Mot. to Dismiss. ("Mot."), ECF No. 15.

///

1

For the reasons set forth below, the Court GRANTS Defendants motion to dismiss the Eighth Cause of Action, DENIES Defendants request to strike as moot and DENIES to exercise supplemental jurisdiction over the remaining state law claims.[1]

## I. BACKGROUND

On August 16, 2016, Defendants hired Plaintiff as an employee. Pl.'s Second Am. Compl. ("SAC") ¶ 11, ECF No. 14. In or around August 2018, Rubio became Plaintiff's supervisor. Id. ¶ 13. On August 6, 2020, Plaintiff tested positive for COVID-19 and was instructed by his doctor to quarantine. Id. ¶ 21. Plaintiff notified and provided a doctor's note to Rubio about his diagnosis. Plaintiff asked Rubio if he would receive pay for his two weeks of quarantine. Id. ¶¶ 21-22. Rubio allegedly told Plaintiff he would not and instructed Plaintiff to use his vacation time. Id. ¶ 21. On August 20, 2020, Plaintiff alleges he returned to work and Rubio jokingly told Plaintiff "you got saved Chilean" and to "put more effort in" to his work because of Plaintiff's COVID-19 quarantine. Id. ¶ 23. On January 7, 2021, Rubio terminated Plaintiff's employment with HFH. Id. ¶ 24.

Plaintiff's original complaint in Siskiyou County Superior Court contained thirteen causes of action. Of the thirteen, only one implicated federal law: Plaintiff's Eighth claim alleging Defendants violated the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 2601, and Fair Labor Standards Act

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 9, 2022.

2

1  ("FLSA"), 29 U.S.C. §§ 201-219.  After Defendants removed this
2  case to federal court pursuant to 28 U.S.C. § 1441(a), ECF No. 1,
3  Plaintiff filed first and second amended complaints. ECF Nos.11,
4  14.  Defendants then filed their motion to dismiss all claims in
5  the SAC.  Mot. at 1.  Plaintiff filed his opposition and
6  Defendants replied.  See Pl.'s Opp'n, ("Opp'n"), ECF No. 17,
7  Defs.' Reply, ("Reply"), ECF No. 18.
8
9                         II.   OPINION
10    A.   Legal Standard
11       When weighing a motion to dismiss, courts "accept factual
12  allegations in the complaint as true and construe the pleadings
13  in the light most favorable to the nonmoving party."  Manzarek v.
14  St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.
15  2008)."  Nevertheless, "a complaint must contain sufficient
16  factual matter, accepted as true, to 'state a claim to relief
17  that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct.
18  1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct.
19  1955, 1974 (2007)).  Facial plausibility exists when "the
20  plaintiff pleads factual content that allows the court to draw
21  the reasonable inference that the defendant is liable for the
22  misconduct alleged."  Id.  However, "a formulaic recitation of a
23  cause of action's elements will not do."  Twombly, 127 S. Ct. at
24  1965.  Such statements are "legal conclusion[s] couched as
25  factual allegation[s]" that must be dismissed.  Papasan v.
26  Allain, 106 S. Ct. 2932, 2944 (1986).
27  ///
28  ///

B. Claim Number Eight: Retaliation Under the FFCRA and FLSA

Plaintiff claims Defendants violated the FCCRA and FLSA by terminating him on January 7, 2021 in retaliation for Plaintiff requesting accommodation and exercising his right to leave around August 20, 2020 following his COVID-19 diagnosis. SAC ¶ 135. Plaintiff's allegation relies on FFRCA's Division E, entitled the Emergency Paid Sick Leave Act ("EPSLA"). Pub. L. No. 116-127, § 5101, 134 Stat. 178, 195-198 (2020). The EPSLA makes it unlawful for an employer "to discharge, discipline, or in any other manner discriminate against any employee who: (1) takes leave in accordance with this Act; and (2) has filed any complaint or instituted any proceeding under or related to this Act . . . or has testified or is about testify in any such proceeding." § 1504 at 197. An employer who disregards this provision is "considered to be in violation of [§] 15(a)(3) of the Fair Labor Standards Act ["FLSA"] . . ." and subject to the penalties described in §§ 16 and 17 of the FLSA. § 1505(b) at 197.

Thus, as other district courts have found, a claim for FFCRA retaliation is properly analyzed under the FLSA framework. See Colombe v. SGN, Inc., No 5:20-CV-374-REW, 2021 WL 1198304, at *3 (E.D. Ky. Mar. 29, 2021) (finding that FFCRA retaliation can be brought under the FLSA and using FLSA retaliation framework to analyze plaintiff's FFCRA retaliation claim). In the Ninth Circuit, a prima facie claim for FLSA retaliation requires plaintiffs to prove: (1) they engaged in statutorily protected conduct; (2) they suffered an adverse employment action; and

4

(3) a causal link exists between the conduct and the employment action. See Henson v. McKinley Trailer Vill., No. 2:21-CV-02189 WBS AC, 2022 WL 515691, at *2 (E.D. Cal. Jan. 12, 2022). Here, Plaintiff's SAC falls short of this three-part standard because it does not satisfy the first and third prongs.

    Plaintiff fails to adequately plead the first element of his prima facie claim because his SAC does not include allegations that he engaged in statutorily protected conduct. Under the EPSLA, an employee takes part in statutorily protected activity if he: (1) took leave under the Act; and (2) lodged a complaint, initiated a proceeding, or participating in a proceeding relating to EPSLA. § 1504 at 197. Plaintiff, however, only alleged that Defendant "willfully terminat[ed] Plaintiff in retaliation for exercising his right to leave under the FFCRA and requesting accommodation under the same due to COVID-19 concerns" without including any specific facts to support his allegations. SAC ¶¶ 130, 135. Plaintiff's SAC, in turn, lacks any contention that he complained to Defendants or third-parties responsible for EPSLA's enforcement about HFH's and Rubio's supposed infractions. Lambert, 180 F.3d 997, 1008 (finding a plaintiff engages in FLSA protected activity when he: (1) directly complains to his employer about an FLSA violation; (2) files a complaint regarding FLSA infractions with his employer or a third-party tasked with enforcing the FLSA—like a labor union or the Department of Labor; or (3) looks to the courts for a remedy). The absence of such facts prevents this Court from reasonably inferring Defendants are liable for the violations Plaintiff alleges. Plaintiff's accusations, as a result, are nothing more than legal conclusions

veiled as factual allegations that cannot survive a motion to dismiss.

Further, Plaintiff also falls short of properly pleading the third element, which requires Plaintiff to show a causal link between his protected activity and Defendants' termination of his employment. Henson, 2022 WL 515691 at *2. Courts may find a causal link based on direct or circumstantial evidence. See Bowen v. M. Caratan, Inc., 142 F.Supp.3d 1007, 1025 (E.D. Cal., 2015) citing Munoz v. Mabus, 630 F.3d 856, 865 (9th Cir.2010) (finding an employer's retaliatory statements or actions as direct evidence); Mayes v. Kaiser Foundation Hospitals, 2014 WL 2506195 at *9 (E.D. Cal., 2014) (suggesting temporal proximity between protected activity and an adverse employment action can support the inference of a causal link under an FLSA retaliation claim).

Plaintiff's allegations insufficiently demonstrate a causal link between his protected leave and his termination. In his SAC, Plaintiff alleged that his supervisor, Rubio, made disparaging remarks after he took leave. SAC ¶ 23 (Rubio told Plaintiff, "you got saved Chilean" and to "put more effort in" after Plaintiff returned to work.). Such statements do not directly demonstrate retaliatory animus since they do not suggest Rubio disapproved of or fired Plaintiff because he quarantined under EPSLA. See Bowen, 142 F. Supp.3d at 1024 quoting Coszalter v. City of Salem, 320 F.3d 968, 977 (9th Cir. 2003) (finding plaintiff can satisfy "substantial factor" by pointing to employer statements showing its disapproval of protected activity). Also, because more than four months passed

between Plaintiff's protected leave (August 2020) and his termination (January 2021), the two events' temporal proximity do not independently support Plaintiff's contention that he was terminated for taking quarantine. See Bowen, 142 F. Supp.3d at 1024 (finding one month between protected activity and adverse employment action demonstrates causation); Mayes, 2014 WL 2506195 at *9 (finding two days between protected activity and adverse employment action gave rise to an inference of causation.). Because he has failed to adequately plead both the first and third prongs of his prima facie claim, Plaintiff's retaliation claim under FFCRA's EPSLA is dismissed.

The Court further dismisses the Eighth Cause of Action with prejudice as the Court finds that amendment would be futile given Plaintiff's multiple attempts to cure the pleading deficiencies. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

C. Supplemental Jurisdiction

A district court may sua sponte decline to exercise supplemental jurisdiction over pendant state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court has original jurisdiction only over Plaintiff's Eighth Cause of Action under FFCRA and FLSA. Having dismissed this claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

///

///

III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Dismiss Plaintiff's Eighth Cause of Action under FFCRA and FLSA with prejudice. Plaintiff's remaining state law claims are DISMISSED without prejudice given that the Court declines to exercise supplemental jurisdiction over these pendant causes of action. The Court further DISMISSES Defendant's Motion to Strike as moot.

IT IS SO ORDERED.

Dated: October 5, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE